**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Aiken Hospitality Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-03093-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | **ORDER AND OPINION** |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| N3A Manufacturing Inc., d/b/a | ) | |
| Hotelure, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____) | | |

Before the court is Defendant HD Supply Facilities Maintenance, Ltd.'s ("HD Supply")

Motion for Sanctions (ECF No. 49) against Third-Party Defendant N3A Manufacturing Inc.

(hereinafter "Hotelure"). For the reasons stated below, the court **GRANTS** HD Supply's Motion

For Sanctions (ECF No. 49).

## I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2016, the court ordered a March 6, 2017 deadline for mediation. (ECF

No. 6.) On February 21, 2017, in response to HD Supply's Motion for an Extension of Time (ECF

No. 31), the March deadline for mediation was extended until April 28, 2017. (ECF No. 34.) The

parties scheduled mediation for April 27, 2017. (ECF No. 43 at 2.) On April 11, 2017, Hotelure

filed an Application for Permission to Appear Telephonically or by Electronic Means at Mediation

(ECF No. 43), which the court granted on April 24, 2017 (ECF No. 48). HD Supply asserts that Hotelure did not meaningfully participate in the Mediation because a representative from Hotelure was not present in person or telephonically; therefore, HD Supply filed a Motion for Sanctions (ECF No. 49). Plaintiff responded to HD Supply's Motion (ECF No. 49) and asserted that it had no position on the Motion, but "[ ] to the extent that the court finds that Third-Party Defendant, Hotelure, did not meaningfully participate in mediation, Plaintiff should also [be reimbursed and receive attorney's fees, and will submit these amounts upon further direction of the court]." (ECF No. 51 at 1-2.) Hotelure responded (ECF No. 52) to HD Supply's Motion (ECF No. 49) asserting that its counsel was in constant communication with a representative from Hotelure, and that its counsel had full authority to speak on behalf of Hotelure at the Mediation. (ECF No. 52 at 2.) On May 22, 2017, Plaintiff filed its Memorandum in Support of its Motion for Sanctions Against Third-Party Defendant (ECF No. 55) under seal, given the mediation confidentiality requirements of Local Civ. Rule 16.08(c) (D.S.C.).

## II.     JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Plaintiff and HD Supply are diverse parties, and the amount in controversy is greater than $ 75,000. (ECF No. 1 at 1-2 ¶¶ 2, 4.) Moreover, this court also has jurisdiction over HD Supply's Third-Party action against Hotelure pursuant to 28 U.S.C. § 1332 for the same reasons. (ECF No. 1 at 1-2 ¶ 2; ECF No. 21 at 7-8 ¶¶ 45-48.)

## III.     LEGAL STANDARD

Pursuant to Local Civ. Rule 16.08(A)(2) (D.S.C.), ". . . an officer, director, or employee having full authority to settle the claim for a corporate party[, must be in attendance at the mediation conference unless otherwise ordered by the court or agreed upon by the parties and

mediator.]"  *See also*, *Barnthouse v. Wild Dunes Resort, L.L.C.*, No. 2:08-CV-2546-PMD, 2010 WL 3187044, at * 1 (citing Local Civ. Rule 16.08 (D.S.C.)).  "If a person fails to attend a duly ordered mediation conference without good cause, the court may impose upon the party or the party's principal any lawful sanctions, including, but not limited to, the payment of attorney's fees, mediator's fees, and expenses incurred by persons attending the conference, and any other sanction authorized by Rule 37(b) of the Federal Rules of Civil Procedure."  Local Civ. Rule 16.09 (D.S.C.).

## IV.    ANALYSIS

HD Supply asserts that a representative from Hotelure did not attend the April 27, 2017 Mediation, in violation of Local Civ Rule 16.08(A)(2) (D.S.C.).  (ECF No. 55 at 4.)  Further, HD Supply requests relief pursuant to Local Civ. Rule 16.09 (D.S.C.), for costs incurred to participate in the Mediation.  (*Id.*)  These costs have been itemized as such; $703.00 for attorney's fees, $917.92 for one-third of the mediator fee, and $1,524.91 for the attendance costs of HD Supply's Corporate Representative, for a total of $3,145.83.  (*Id.*); (*see also* ECF Nos. 55-1; 55-2; 55-3.)

Hotelure maintains that its counsel, Lloyd J. Weinstein, ". . . received full and complete instructions and authority to speak on [Hotelure's] behalf at the Mediation."  (ECF No. 52 at 2.) Hotelure also maintains that its counsel was in constant communication with its representative who could not participate at the scheduled time, and by its counsel participating electronically in the Mediation it complied with the court's Order (ECF No. 48).  (*Id.*)  Additionally, Hotelure maintains that no party was prejudiced by Hotelure's failure to send a representative because the case did not settle.  (ECF No. 52 at 2-3.)

Pursuant to Local Civ. Rule 16.08(A)(2) (D.S.C.), a corporate party must have an "officer, director, or employee having full authority to settle the claim" available at the mediation. Hotelure's only representation at the Mediation was its counsel, who serves in none of the above

positions. Hotelure's Counsel may have had instructions from Hotelure's representative and full authority to speak on Hotelure's behalf, but that does not negate the requirement that a corporate representative from Hotelure had to participate in the Mediation. The court notes that it allowed Hotelure to participate telephonically, however, it did not excuse Hotelure from having a corporate representative participate in the Mediation. (*See* ECF No. 48); *see also Barnthouse*, 2010 WL 3187044, at * 1 (in this case, the only person present for the defendant was its attorney, and the court found that a corporate representative was still required to be at the mediation because it had not been excused either by the court or by the parties pursuant to Local Civ. Rule 16.08 (D.S.C.)).

Hotelure failed to have a corporate representative participate in the April 27, 2017 Mediation as required by Local Civ. Rule 16.08(A)(2) (D.S.C.). Allegedly, Hotelure's Corporate Representative was not available until 12:30 pm, even though the Mediation was scheduled to begin at 10 am. (ECF No. 55 at 2.) However, the court does not find that this excuse represents good cause for Hotelure's failure to have a corporate representative present telephonically at the Mediation, because there is no evidence that Hotelure gave notice to the parties or the court in regard to any scheduling conflict.[1] The court finds that Hotelure violated Local Civ. Rule 16.08(A)(2) (D.S.C.), therefore, HD Supply and Plaintiff are entitled to attorney's fees and costs at an amount to be determined by the court. Before the amount is determined, Plaintiff shall file an affidavit of attorney fees and costs and any other appropriate documentation within ten (10) days.

---

[1] The parties, including Hotelure's Counsel, allegedly did not learn that Hotelure's Corporate Representative could not join the Mediation at the scheduled time until the Mediation had already commenced. (ECF No. 55 at 2.)

### V.     CONCLUSION

For this reason, the court **GRANTS** HD Supply's Motion for Sanctions (ECF No. 49) and

Plaintiff's request (ECF No. 51) for the same.   The court orders the Clerk's Office to notify

Hotelure of this Order by mailing it to the following address:

Niall Alli, CEO
N3A Manufacturing, Inc. d/b/a Hotelure, Inc.
345 Doughty Boulevard
Inwood, New York 11096

**IT IS SO ORDERED.**


*J. Michelle Childs*

United States District Judge

March 16, 2018
Columbia, South Carolina