# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Aiken Hospitality Group, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:16-cv-03093-JMC |
| ) | |
| v. ) | |
| ) | |
| HD Supply Facilities Maintenance, Ltd., ) | |
| ) | |
| Defendant. ) | |
| ) | **ORDER AND OPINION** |
| HD Supply Facilities Maintenance, Ltd., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| N3A Manufacturing, Inc., d/b/a ) | |
| Hotelure, Inc., ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

For the reasons stated below, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 81). Before the court is Plaintiff's Motion for Summary Judgment as to Defendant HD Supply Facilities Maintenance, Ltd.'s ("HD Supply") counterclaim for breach of contract accompanied by fraudulent act (ECF No. 81).

In reviewing the record, the court finds that neither party has provided any evidence of the contract or agreement that is the subject of HD Supply's counterclaim for breach of contract accompanied by fraudulent act (ECF No. 21 at 7 ¶¶ 39-43). HD Supply alleges that the ". . . arrangement [with Plaintiff], evidenced by invoices and/or purchase orders, constitutes an enforceable contract." (ECF No. 21 at 6 ¶ 34; *see also* ECF No. 81-2 at 4 ¶ 20 (Answers to Plaintiff's Second Interrogatories).) Moreover, Plaintiff does not seem to dispute that it has an

arrangement with HD Supply for the provision of various day to day supplies. (*See* ECF No. 81-1 at 2; ECF No. 86-1 at 2:15-22.)

Pursuant to Fed. R. Civ. P. 56(c) "[a] party asserting that a fact cannot be or is genuinely disputed must support this assertion by citing to particular parts of materials in the record[.]" *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56[c] [ ] requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"). Even though it seems undisputed that there is some form of an agreement between Plaintiff and HD Supply, the parties cannot rely solely on their allegations or briefs, but instead must cite to specific evidence in the record.

Evidence of the purported contract is not within the record, therefore, the court is unable to ascertain whether a contract exists or its terms, and ultimately, the court is unable to establish that a breach of contract has occurred. *See e.g., Glob. State Inv. USA, Inc. v. LAS Properties, LLC*, No. 2:14-CV-4494-DCN, 2015 WL 1943370, at *10 (D.S.C. Apr. 29, 2015) ("[T]he court dismisses defendants' breach of contract claim for failure to specify which provisions of the contract were breached and how they were breached."); *Sharpe v. Household Fin. Corp. II*, No. 8:09-CV-02784, 2010 WL 3893846, at *2 (D.S.C. Sept. 30, 2010) (Plaintiffs' breach of contract claim was dismissed because they "point[ed] to no provision of the settlement agreement that was actually breached by [Defendant].") Without any evidence of a contract, the court cannot rule on Plaintiff's Motion for Summary Judgment (ECF No. 81).

For this reason the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (ECF No. 81) as to HD Supply's counterclaim for breach of contract

accompanied by a fraudulent act.[1]  Plaintiff has ten (10) days to refile its Motion for Summary Judgment, after which HD Supply will be given an opportunity to respond in accordance with the Local Rules of the court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2018
Columbia, South Carolina

---

[1] Fed. R. Civ. P. 56(e)(1) states that, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may give an opportunity to properly support or address the fact."