**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Aiken Hospitality Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-03093-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HD Supply Facilities Maintenance, Ltd., | ) | **ORDER AND OPINION** |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| N3A Manufacturing, Inc., d/b/a | ) | |
| Hotelure, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was in the process of remodeling its hotel, and on or about October 2015 and November 2015, it allegedly entered into two contracts with HD Supply Facilities Maintenance, Ltd. ("HD Supply") to provide furniture and various goods for the remodel. (ECF No. 1-1 at 5 ¶¶ 5-6.) In December 2014,[1] HD Supply alleges that it subcontracted with N3A Manufacturing, Inc. (hereinafter "Hotelure") to craft the furniture for the remodel. (ECF No. 21 at 8 ¶ 51.) Further, HD Supply alleges that Hotelure did not provide the furniture pursuant to the subcontract with HD Supply because the furniture was allegedly held by the United States Customs and Border

---

[1] Pursuant to the hearing held on March 19, 2018, the court believes that this date should be December 2015.

1

Protection ("Customs"). (*Id.* at 5 ¶ 30, 8-9 ¶¶ 50-56.) Due to this alleged hold, Plaintiff never received its furniture. (ECF No. 21 at 5 ¶ 30.)

On July 29, 2016, Plaintiff filed its initial Complaint against HD Supply in the Court of Common Pleas, Aiken County, South Carolina. (ECF No. 1-1.) On September 12, 2016, Defendant removed this case to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (ECF No. 1-2.) On November 23, 2016, Plaintiff filed an Amended Complaint. (ECF No. 20.) Plaintiff alleges breach of contract and breach of contract accompanied by a fraudulent act. (ECF No. 1-1 at 5 ¶ 8, ECF No. 20 at 1-2 ¶ 1.) On November 28, 2016, HD Supply answered Plaintiff's Complaint, alleged counterclaims against Plaintiff, and filed a Third-Party Complaint against Hotelure. (ECF No. 21.) On August 22, 2017, HD Supply filed a Motion for Summary Judgment (ECF No. 80). On September 5, 2017, Plaintiff responded (ECF No. 88) to HD Supply's Motion for Summary Judgment (ECF No. 80).[2] On September 8, 2017, the court filed an Amended Scheduling Order (ECF No. 91) in which it stayed its rulings on the Motions for Summary Judgment (ECF Nos. 80, 81) until February 20, 2018. This Scheduling Order also allowed the parties to withdraw and/or replace associated filings until February 20, 2018. (ECF No. 91 at 2 ¶ 3.) On February 14, 2018, Plaintiff responded in support of its Motion for Summary Judgment (ECF No. 81). (ECF No. 117.) On February 15, 2018, pursuant to the provisions of the Amended Scheduling Order, HD Supply replaced its Motion for Summary Judgment (ECF No. 80). (ECF No. 118). On February 27, 2018, HD Supply withdrew (ECF No. 122) its original Motion for Summary Judgment (ECF No. 80), and Plaintiff filed a Motion for Hearing (ECF No. 121) on HD Supply's Replacement Motion for Summary Judgment (ECF No. 118). A hearing on all outstanding motions (ECF Nos. 80, 118) was set for March 19, 2018. (ECF No. 124.) On

---

[2] On September 6, 2017, additional documents were added to Plaintiff's Response. (ECF No. 89.)

March 1, 2018, Plaintiff responded to HD Supply's Replacement Motion for Summary Judgment (ECF No. 118). (ECF No. 127.)

Before the court is Defendant HD Supply's Replacement Motion for Summary Judgment (ECF No. 118). For the reasons stated below, the court **DENIES** HD Supply's Motion (ECF No. 118).

## II. JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Plaintiff and HD Supply are diverse parties, and the amount in controversy is greater than $75,000, exclusive of interests and costs. (ECF No. 1 at 1-2 ¶¶ 2, 4; ECF No. 1-1 at 4-5 ¶¶ 1-2, 9.) Because the court sits in diversity jurisdiction it must apply federal procedural law and state substantive law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Pignons S.A. De Mecanique v. Polaroid Corp.*, 657 F.2d 482, 486 (1st Cir. 1981)). The nonmoving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts"

demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252. All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). "[T]he burden [to show no genuine issue of material fact] on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

"In [ ] a situation [where a party fails to make a showing sufficient to establish an essential element of their case, on which they will bear the burden of proof at trial], there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of their case with respect to which she has the burden of proof." *Id.* at 322–23.

## IV. ANALYSIS

### A. *Existence of a Contract*

"[T]he essential elements of any contract are a contractual intent, followed by an actual meeting of the minds of the parties and accompanied by a valid consideration." *Baylor v. Bath*, 1 S.E.2d 139, 140 (S.C. 1938); *see also Pierce v. Nw. Mut. Life Ins. Co.,* 444 F. Supp. 1098, 1106 (D.S.C. 1978) ("The essentials of a contract are an offer, an acceptance, and valuable

4

consideration."). "In order for there to be a binding contract between parties, there must be a mutual manifestation of assent to the terms [of the contract]." *Edens v. Laurel Hill, Inc.,* 247 S.E.2d 434, 436 (S.C. 1978). The parties must "have a meeting of the minds as to all essential and material terms of the agreement." *Davis v. Greenwood Sch. Dist. 50*, 620 S.E.2d 65, 67 (S.C. 2005) (citing *Player v. Chandler*, 382 S.E.2d 891, 894 (S.C. 1989)). These essential terms include "price, time, and place." *Edens*, 247 S.E.2d at 436 (citing 17 *C.J.S. Contracts*, § 36(2)).

"If the evidence [before the court] is conflicting or raises more than one reasonable inference as to the formation of a contract, the issue should be submitted to a jury." *Hendricks v. Clemson Univ.*, 578 S.E.2d 711, 716 (S.C. 2003) (citing *Benya v. Gamble*, 21 S.E.2d 57, 60 (S.C. Ct. App. 1984)). However, "[when the] the material facts concerning the formation of an alleged contract are not in dispute, the issue of contract *vel non* is a question of law." *W.E. Gilbert & Assocs. v. S.C. Nat. Bank,* 330 S.E.2d 307, 309 (S.C. Ct. App. 1985) (quoting *Valjar, Inc. v. Maritime Terminals, Inc.*, 265 S.E.2d 734, 736 (Va. 1980)).

In this case, Plaintiff presents evidence of three documents which are integral to its assertion that there is a contract in this case, (1) two bid forms which include the required deposit amounts needed to order the furniture (ECF No. 127-1 at 11-14), (2) a copy of its account showing that it made two payments to HD Supply equaling the required deposit amounts (*id.* at 21), and (3) two order confirmations from HD Supply (*id.* at 16-19). HD Supply asserts that Plaintiff's request for furniture only "involved conversations and an invoice rather than a formal written contract." (ECF No. 118 at 5.) It seems undisputed that the parties had some form of arrangement for the purchase of furniture, however, HD supply challenges whether a contract exists, stating "[ ] any arrangement between Plaintiff and [HD Supply] was not a formal contract and cannot be enforced under the [s]tatute of [f]rauds." (ECF No. 118 at 5.) Plaintiff's presentation of the bid form, down

5

payment, and order confirmation rebuts HD Supply's assertion, thereby, setting forth specific facts that demonstrate a genuine issue for trial. *See Celotex,* 477 U.S. at 324. Because there is a dispute as to the formation of a contract, the court cannot determine whether a contract exists as a matter of law. *See Hendricks*, 578 S.E.2d at 716.

Because there is a dispute as to whether a contract exists, the court cannot make a determination as to the parties' arguments regarding the statute of frauds. Plaintiff also invokes the doctrine of estoppel, however, "[b]efore the estoppel doctrine can be invoked, [ ] there must be 'competent proof of the existence of the oral contract.'" *Atl. Wholesale Co. v. Solondz*, 320 S.E.2d 720, 723 (S.C. Ct. App. 1984) (citing *Anderson v. KFBB Broadcasting Corp.*, 391 P.2d 2, 6 (Mont. 1964)). Because there is a dispute as to the existence of any contract in this case, the court cannot rule on whether the estoppel doctrine applies.

## V. CONCLUSION

For the reasons stated above, the court **DENIES** HD Supply's Motion for Summary Judgment (ECF No. 118).

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

March 23, 2018
Columbia, South Carolina

6