IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Aiken Hospitality Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-03093-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | **ORDER AND OPINION** |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| N3A Manufacturing Inc., d/b/a | ) | |
| Hotelure, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

Before the court is Defendant HD Supply Facilities Maintenance, Ltd.'s ("HD Supply") Motion for Sanctions (ECF No. 142) against Third-Party Defendant N3A Manufacturing Inc. (hereinafter "Hotelure") for Failure to Attend Deposition. For the reasons stated below, the court **GRANTS IN PART AND DENIES IN PART** HD Supply's Motion for Sanctions (ECF No. 142).

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On multiple occasions HD Supply has tried to depose Hotelure's employees, including its CEO, Niall Alli ("Alli"), but has been unable to do so, even after giving them adequate notice. (*See* ECF No. 142-1 at 3-5, 7-8, 17, 28-29; ECF No. 142-2; ECF No. 142-4, ECF No. 142-6.) At

1

issue in this matter is Hotelure's failure to attend its deposition, noticed pursuant to Fed. R. Civ. P. 30(b)(6)[1].

On December 21, 2017, HD Supply served Alli via e-mail, and on December 26, 2017, Alli accepted service via e-mail. (ECF No. 142-1 at 17.) On December 27, 2017, the parties confirmed that Alli would be deposed on February 9, 2018 in New York City. (*Id.* at 17, 22; *see also* ECF No. 142-4 at 1.) On January 3, 2018, HD Supply served Hotelure at its corporate headquarters with notice regarding the February 9, 2018 deposition. (ECF No. 142-5; *see also* ECF No. 142-4.)

On February 8, 2018, Alli e-mailed HD Supply's Counsel, stating that he would be unable to attend the February 9, 2018 deposition due to his flight being severely delayed and eventually cancelled. (ECF No. 142-1 at 28-29.) HD Supply's Counsel offered to move the deposition to February 10, 2018, but Alli stated that he did not have enough time to rebook a flight from China to make it by then. (*Id*. at 26-27.) Counsel for HD Supply and Aiken Hospitality convened the deposition on February 9, 2018, and Alli was not present. (ECF No. 142-6.)

On April 5, 2018, HD Supply moved for sanctions against Hotelure for Hotelure's failure to attend its deposition, noticed pursuant to Rule 30(b)(6). (ECF No. 142.) On April 9, 2018, Plaintiff Aiken Hospitality Group, LLC ("Aiken Hospitality") responded. (ECF No. 146.) Hotelure did not respond to HD Supply's Motion.

## II. JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Aiken Hospitality and HD Supply are diverse parties, and the amount in controversy is greater than $ 75,000, exclusive of interest and costs. (ECF No. 1 at 1-2 ¶¶ 2, 4.) Moreover, this court also has

---

[1] Hereinafter "Fed. R. Civ. P." will be replaced by "Rule"

jurisdiction over HD Supply's Third-Party action against Hotelure pursuant to 28 U.S.C. § 1332 for the same reasons. (ECF No. 1 at 1-2 ¶ 2; ECF No. 21 at 7-8 ¶¶ 45-48.)

### III. LEGAL STANDARD

Rule 37(d)(1)(A)(i) provides that the court may ". . . on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Sanctions for a party's failure to appear for its deposition ". . . may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

### IV. ANALYSIS

HD Supply moves the court for the following relief; (1) imposition of a monetary sanction against Hotelure, (2) strike Hotelure's responsive pleadings and render a default judgment against it, (3) treat Alli's actions as contempt of court for failure to appear and issue a bench warrant for his arrest, and (4) stay the proceedings until Hotelure provides a designee for the duly noticed deposition. (ECF No. 142 at 5-6.)

Aiken Hospitality does not object to the imposition of sanctions against Hotelure, and does not take a position as to whether Alli should be arrested. (ECF No. 146 at 3.) However, Aiken Hospitality opposes the entry of a default judgment against Hotelure and also opposes a stay of the proceedings until Hotelure presents a designee. (*Id.* at 3-4.)

3

Alli is Hotelure's Rule 30(b)(6) witness, therefore, his answers would be binding on Hotelure.[2] The parties tried to schedule a Rule 30(b)(6) deposition for different times during late 2017, and ultimately, the parties were able to settle on the date of February 9, 2018. (ECF No. 142-1 at 17.) HD Supply gave Alli notice of the scheduled deposition and also sent him a subpoena to appear at the deposition. (ECF No. 142-4.)

Pursuant to Rule 5(e), service can be made by ". . . electronic means if the person consented in writing—in which event service is complete upon transmission[.]" Alli consented in writing to receive service of the deposition notice and subpoena by e-mail and was served through e-mail. (ECF No. 142-1 at 18.) Hotelure was also served at its headquarters in Nassau County, New York. (*Id.* at 24-25; *see also* ECF No. 142-5.) Alli had proper notice of the deposition and was provided a list of topics (ECF No. 142-1 at 14-15) that were to be discussed during his deposition.[3]

Alli asserts that he could not attend the scheduled deposition on February 9, 2018 because his flight from China to New York was cancelled (*id.* at 28-29). HD Supply's Counsel tried to accommodate Alli by seeking to move the deposition to February 10, 2018 or to perform the deposition by video. (*Id.* at 26-27.) However, Alli replied that he found out too late to reschedule his flight (*id.* at 26), and did not reply to HD Supply's Counsel's request that he appear by video

---

[2] "Rule 30(b)(6) of the Federal Rules of Civil Procedure pertains to depositions of organizations, including corporate entities. The organization is permitted to designate a person to testify on its behalf, and the organization is bound by that testimony." *Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC*, 785 F.3d 104, 113 n.13 (4th Cir. 2015); *see also Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2014 WL 2719214, at *2 (D.S.C. June 16, 2014) ("It follows that, in order to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information.").

[3] Alli, via e-mail, provided answers and comments to each topic presented, but HD Supply found the answers to be insufficient. (ECF No. 142-1 at 9-11.) Therefore, the parties scheduled a Rule 30(b)(6) deposition.

if he could not physically attend the deposition. Because Alli received adequate notice of his deposition, noticed pursuant to Rule 30(b)(6) and failed to attend, the court has the discretion to enter sanctions.

As to HD Supply's request for monetary sanctions, pursuant to Rule 37(d)(3), the court must require that Hotelure pay HD Supply reasonable expenses including attorney's fees, for its failure to attend the February 9, 2018 deposition, unless the failure is substantially justified or other circumstances make an award of expenses unjust.[4] Hotelure has not provided any evidence that Alli's plane was actually cancelled, and HD Supply's Counsel's requests for Alli's cancelled flight information went unanswered. (ECF No. 142-1 at 26-27.) Hotelure's failure to provide evidence as to the reason Alli was not able to attend the February 9, 2018 deposition leads the court to find that Alli's absence from the deposition was not substantially justified. Therefore, HD Supply and Aiken Hospitality are entitled to attorney's fees and other reasonable expenses in regard to the February 9, 2018 deposition, in an amount to be determined by the court. Before the amount is determined, Plaintiff shall file an affidavit of attorney fees and costs and any other appropriate documentation within ten (10) days.

As to HD Supply's second request for relief, the court finds that default judgment against Hotelure is warranted. Hotelure has failed to comply with court orders, it has been sanctioned by the court (ECF No. 133) for its failure to attend court ordered mediation (ECF No. 6), and now it has failed to have a representative attend its Rule 30(b)(6) deposition. Aiken Hospitality opposes the entry of a default judgment against Hotelure, stating that it would not be "desirable" at this stage of the litigation. (ECF No. 146 at 3.) However, Aiken Hospitality has not presented any

---

[4] Aiken Hospitality also requests that the court allow it to submit its own statement of expenses. (ECF No. 146 at 1-2.)

5

evidence or argument as to how it would be prejudiced by the court entering a default judgment against Hotelure.[5]

On November 16, 2017, the court entered an Order to Show Cause, ordering Hotelure to retain new counsel within thirty (30) days and to inform the court of such retention, or else face sanctions possibly including default judgment against it.[6] (ECF No. 105.) On March 16, 2018, the court granted HD Supply's Motion for Sanctions (ECF No. 49) due to Hotelure's failure to meaningfully participate in court-ordered mediation (ECF No. 6). (ECF No. 133.)

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37. The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citation omitted). The court has

---

[5] Aiken Hospitality's arguments regarding the reason this case should not be stayed are relevant to the reason an entry of a default judgment against Hotelure will not cause it substantial prejudice. The case against Hotelure is separate from the case Aiken Hospitality has brought against HD Supply. As Aiken Hospitality asserts, "whether Hotelure may be liable to HD Supply is legally irrelevant to whether HD Supply is liable to Plaintiff." (ECF No. 146 at 3-4.) Hotelure is only in the case because HD Supply brought among other causes of action, a cause of action against Hotelure for contractual and equitable indemnity. (ECF No. 21 at 10-11 ¶¶ 66-77.) HD Supply alleges that Hotelure has a legal obligation and duty to defend and indemnify HD Supply for any liability imposed upon HD Supply based on Aiken Hospitality's claims. (*Id.*)

[6] Hotelure must be represented by counsel because it is a corporation. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202 (1993) ("[ ] save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). Hotelure is currently unrepresented because the court granted both its Local Counsel's and Counsel's Motions to be Relieved (ECF Nos. 78, 101). (ECF Nos. 102, 103.)

discretion to impose a default sanction, but its discretion is not without bounds or limits. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quoting *Wilson v. Volkswagen of Am.* 561 F.2d 594, 503 (4th Cir. 1977), *cert. denied* 434 U.S. 1020 (1978)). "Before entering a default judgment, a district court [ ] must, in all but the most egregious cases, give the offending party a warning that it is at risk of such a sanction if it disobeys the court's order." *Jermar, Inc. v. L.M. Commc'ns II of S.C., Inc.*, 181 F.3d 88 (4th Cir. 1999) (unpublished opinion) (citing *Hathcock*, 53 F.3d at 40).

There is a pattern of Hotelure failing to comply with the court's orders and failing to participate in discovery, which are integral to the court's finding that default is warranted. *See Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 93 (4th Cir. 1989) (finding that a pattern of indifference and disrespect to the authority of the court constituted bad faith). An important factor in the court's analysis is that Hotelure is still not represented by counsel in violation of the court's Order to Show Cause (ECF No. 105). Hotelure was warned that its failure to retain counsel could result in the court entering a default judgment against it (ECF No. 105 at 3), but Hotelure has failed to retain counsel for over six (6) months which shows bad faith and violates the court's Order. Additionally, Hotelure's failure to meaningfully participate in court-ordered mediation or to provide a representative for its Rule 30(b)(6) deposition is also evidence of bad faith.[7]

---

[7] The court did not find good cause for Hotelure's failure to have a corporate representative at the mediation, and granted HD Supply's Motion for Sanctions (ECF No. 49). (ECF No. 133.) The court finds that Alli's failure to make an effort to attend the deposition either physically or by video is evidence of bad faith given the fact that the scheduled date and time for the deposition were mutually agreed upon and Alli did not provide any corroborating evidence that his flight was indeed cancelled to either HD Supply or the court.

HD Supply is prejudiced by Hotelure's failure to meaningfully participate in the discovery process because HD Supply has not been able to obtain discovery regarding the customs delay which provides the basis for one of its defenses against Aiken Hospitality's claims. (*See* ECF No. 21 at 5 ¶ 30.) Additionally, Hotelure's failure to meaningfully participate in mediation has prevented the parties from potentially settling the case and saving litigation costs.

As to the third and fourth prongs of the test enumerated in *Anderson*, ignoring court orders and not participating in discovery must be deterred. Hotelure was warned that its failure to retain counsel could lead to the court finding it in default (ECF No. 105), and moreover, the court granted HD Supply's Motion for Sanctions (ECF No. 49).[8] The court has warned Hotelure of the consequences of failing to comply with the court's orders and has also previously sanctioned Hotelure. Default judgment is warranted against Hotelure for its failure to comply with the court's orders and its failure to meaningfully participate in discovery.[9]

The court cannot grant HD Supply's third request for relief because finding Alli in contempt of court is not a sanction available under Rule 37(d)(3).[10] As to HD Supply's fourth request for relief, the court finds no need to stay this case pending Defendant providing a designee because the court finds Hotelure in default.

---

[8] Hotelure was also warned that a failure to comply with the court's Order to Conduct Mediation (ECF No. 6) could result in sanctions.

[9] Because the court is entering a default judgment against Hotelure, the court does not need to strike Hotelure's responsive pleadings. Rendering a default judgment against a party and striking a party's pleadings are two separate sanctions under Rule 37(b)(2).

[10] The only sanctions available are the sanctions enumerated in Rule 37(b)(2)(A)(i)-(vi). Contempt of court is enumerated in Rule 37(b)(2)(A)(vii).

## V. CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** HD Supply's Motion for Sanctions (ECF No. 142) as to its request that default judgment be entered against Hotelure. Default judgment shall be entered against Hotelure in an amount to be determined by the court at a later date.[11] Additionally, the court **ORDERS** Hotelure to pay HD Supply's and Aiken Hospitality's attorney fees and other reasonable expenses in regard to conducting the February 9, 2018 deposition, in an amount to be determined by the court. Further, the court **DENIES IN PART** HD Supply's Motion for Sanctions (ECF No. 142) as to its request to find Alli in contempt of court and its request to stay this case pending Hotelure providing a designee to be deposed. The court orders the Clerk's Office to notify Hotelure of this Order by mailing it to the following address:

> Niall Alli, CEO
> N3A Manufacturing, Inc. d/b/a Hotelure, Inc.
> 345 Doughty Boulevard
> Inwood, New York 11096

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 3, 2018
Columbia, South Carolina

---

[11] *See supra* note 5.