**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Aiken Hospitality Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-03093-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |
| HD Supply Facilities Maintenance, Ltd., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| N3A Manufacturing Inc., d/b/a | ) | |
| Hotelure, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| ————————————————— | ) | |

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court adopts the relevant factual and procedural background noted in its Order (ECF No. 136) denying without prejudice Plaintiff's Motion for Summary Judgment (ECF No. 81). Subsequently, the court will only recite herein facts and procedure pertinent to the analysis of Plaintiff's Refiled Motion for Summary Judgment (ECF No. 141).

On August 22, 2017, Plaintiff filed a Motion for Summary Judgment as to HD Supply Facilities Maintenance, Ltd.'s ("HD Supply") second counterclaim for breach of contract accompanied by a fraudulent act. (ECF No. 81.) On March 19, 2018, the court held a hearing on

Plaintiff's Motion for Summary Judgment (ECF No. 81).[1]  (ECF No. 135.)  On March 22, 2018, the court denied without prejudice Plaintiff's Motion for Summary Judgment (ECF No. 81) with leave to refile within ten (10) days of the entry of the Order.  (ECF No. 136.)  On April 2, 2018, Plaintiff refiled its Motion for Summary Judgment addressing both of HD Supply's counterclaims.[2]  (ECF No. 141.)  HD Supply responded (ECF No. 143) to Plaintiff's Motion, and Plaintiff replied (ECF No. 148).

Before the court is Plaintiff's Refiled Motion for Summary Judgment as to Defendant HD Supply's counterclaims for breach of contract and breach of contract accompanied by a fraudulent act. (ECF No. 141.)  For the reasons stated below, the court **DENIES** Plaintiff's Motion (ECF No. 141).

## II.    JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Plaintiff and HD Supply are diverse parties, and the amount in controversy is greater than $ 75,000, exclusive of interests and costs.  (ECF No. 1 at 1-2 ¶¶ 2, 4); (ECF No. 1-1 at 4-5 ¶¶ 1-2, 9.)

## III.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).

---

[1] The court also heard arguments regarding HD Supply's Renewed Motion for Summary Judgment. (ECF No. 118.)

[2] HD Supply filed two counterclaims against Plaintiff for breach of contract and breach of contract accompanied by a fraudulent act. (ECF No. 21 at 6-7 ¶¶ 31-43.)

A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Pignons S.A. De Mecanique v. Polaroid Corp.*, 657 F.2d 482, 486 (1st Cir. 1981)). The nonmoving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required to deny a motion for summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). "[T]he burden [to show no genuine issue of material fact] on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

"In [ ] a situation [where a party fails to make a showing sufficient to establish an essential element of their case, on which they will bear the burden of proof at trial], there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a

sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322–23.

## IV.    ANALYSIS

HD Supply filed two (2) counterclaims against Plaintiff for breach of contract and for breach of contract accompanied by a fraudulent act.  (ECF No. 21 at 6-7 ¶¶ 31-43.)  HD Supply brought these counterclaims on the basis that HD Supply maintained an operations agreement with Plaintiff to provide Plaintiff with "certain products necessary for the day to day operation of its hotel" and Plaintiff has refused to satisfy its unpaid balance.  (ECF No. 86 at 1-2.)

Plaintiff's initial Motion for Summary Judgment (ECF No. 81) only addressed HD Supply's second counterclaim for breach of contract accompanied by a fraudulent act.  The court allowed Plaintiff to refile its Motion; thus, the court finds no issue with Plaintiff's expansion of the substance of its Refiled Motion for Summary Judgment (ECF No. 141) to include HD Supply's first counterclaim for breach of contract.

When the court sits in diversity jurisdiction it must apply federal procedural law and state substantive law.  *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Under South Carolina law, to establish a breach of contract claim "the burden [is] upon the [claiming party] to prove the contract, its breach, and the damages caused by such breach."  *Maro v.* Lewis, 697 S.E.2d 684, 688 (S.C. Ct. App. 2010) (quoting *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (1962)).

"[T]he essential elements of any contract are a contractual intent, followed by an actual meeting of the minds of the parties and accompanied by a valid consideration."  *Baylor v. Bath*, 1 S.E.2d 139, 140 (S.C. 1938); *see also Pierce v. Nw. Mut. Life Ins. Co.,* 444 F. Supp. 1098, 1106 (D.S.C. 1978).  "In order for there to be a binding contract between parties, there must be a mutual

manifestation of assent to the terms [of the contract]." *Edens v. Laurel Hill, Inc.,* 247 S.E.2d 434, 436 (S.C. 1978). Essential terms of a contract include "price, time, and place." *Edens*, 247 S.E.2d at 436 (citing 17 *C.J.S. Contracts*, § 36(2)).

"If the evidence [before the court] is conflicting or raises more than one reasonable inference as to the formation of a contract, the issue should be submitted to a jury." *Hendricks v. Clemson Univ.*, 578 S.E.2d 711, 716 (S.C. 2003) (citing *Benya v. Gamble*, 21 S.E.2d 57, 60 (S.C. Ct. App. 1984)). However, "[when the] the material facts concerning the formation of an alleged contract are not in dispute, the issue of contract *vel non* is a question of law." *W.E. Gilbert & Assocs. v. S.C. Nat. Bank,* 330 S.E.2d 307, 309 (S.C. Ct. App. 1985) (quoting *Valjar, Inc. v. Maritime Terminals, Inc.*, 265 S.E.2d 734, 736 (Va. 1980)).

HD Supply asserts that "[t]he operations account is not manifested in a single contractual document but rather by multiple purchase orders, which are referenced in [two (2) monthly statements (ECF No. 143-2)]." (ECF No. 143 at 3.) Additionally, HD Supply asserts that Harsh Amin, Plaintiff's Fed. R. Civ. P. 30(b)(6) corporate designee, admits to the existence of the operations relationship, Plaintiff's obligations thereunder, and that Plaintiff owes HD Supply for services rendered under the operations account.[3] (*Id.*)

It seems undisputed that the parties have some form of an agreement; however, any agreement that the parties deem to be a contract must be in writing pursuant to the South Carolina Statute of Frauds, S. C. Code Ann. § 36-2-201 (1966) because it concerns the sale of goods in excess of $500.[4] Plaintiff asserts that the evidence that HD Supply provides to establish a

---

[3] Plaintiff admits to withholding payment on some invoices for day-to-day supplies that HD Supply delivered to Plaintiff. (ECF No. 81-1 at 2.)

[4] "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to

contractual relationship between Plaintiff and HD Supply is not sufficient under the statute of frauds.[5] (ECF No. 148 at 4.)  The court understands Plaintiff's assertion to be that the documents that HD Supply presents do not constitute a written contract pursuant to the statute of frauds. However, the court questions the existence of an initial contract, written or oral, given that the only evidence before the court of the operations agreement is two monthly statements.

HD Supply carries the burden of presenting evidence of a contract. *Maro*, 697 S.E.2d at 688. The court finds that the documents that HD Supply has provided and whether they constitute evidence of the formation contract is open for interpretation. Whether these documents provide evidence as to the formation of a contract is a question for a jury to answer. *See Hendricks*, 578 S.E.2d at 716 (if there is more than one reasonable inference as to the formation of a contract, the question should go to the jury). Because the court finds that the formation of a contract is a material question of fact, the court does not reach the question of whether the alleged contract would be sufficient under the statute of frauds.

As to HD Supply's second counterclaim for breach of contract accompanied by a fraudulent act, ". . . [HD Supply] must plead facts establishing three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Harper v. Ethridge*, 348 S.E.2d 374, 378 (S.C. Ct. App. 1986) (citing *Floyd v. Country Squire Mobile Homes, Inc.* 336 S.E.2d 502, 503-04 (S.C. Ct. App. 1985)).

---

indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." S. C. Code Ann. § 36-2-201(1) (1966).

[5] HD Supply does not present evidence of actual purchase orders to establish its contractual relationship with Plaintiff, instead HD Supply presents evidence of two monthly statements that reference the purchase orders. (ECF No. 143-2.)

The court has already established that there is a genuine question of material fact as to whether there is a contract, therefore, the court cannot establish whether the alleged contract was breached.  Plaintiff asserts that ". . . in order for the [c]ourt to grant summary judgment to [it] on HD Supply's second stated counterclaim [ ] for breach of contract accompanied by [a] fraudulent act, it is not necessary for the court to find the substance and evidence for the contract upon which HD Supply's claim is predicated."  (ECF No. 148 at 2.)

HD Supply has presented evidence that Plaintiff knowingly withheld payment under the parties' agreement, and asserts that Plaintiff's actions were fraudulent and were also done with fraudulent intent.  (ECF No. 86 at 4; ECF No. 143 at 3-4.) Whether Plaintiff's actions were fraudulent and whether Plaintiff's actions were made with fraudulent intent, is a question of fact reserved for the jury.  *See Floyd*, 336 S.E.2d at 504 (there was enough evidence for the jury to find that Defendant's actions breached the contract, were fraudulent, and were made with a fraudulent intent); *Land v. Wal-Mart Stores East, L.P.*, 2008 WL 1766723, at *8  (D.S.C. Apr. 15, 2008) (the court found that "[ ] there is insufficient evidence to create a jury issue as to whether labeling [Plaintiff's] termination as [g]ross [m]isconduct—[i]ntegrity constituted a fraudulent act.").

The court cannot find that Plaintiff is entitled to judgment as a matter of law because HD Supply has provided evidence to rebut Plaintiff's assertions that its acts were not fraudulent or made with fraudulent intent.  *See Celotex Corp.*, 477 U.S. at 322-23 ("The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.")

Additionally, there are genuine issues of material fact as to whether there is a contract and a breach of contract therein and whether Plaintiff's actions were fraudulent or made with a

fraudulent intent, and a jury must resolve these disputes. Therefore, the court cannot grant Plaintiff's Refiled Motion for Summary Judgment (ECF No. 141).

## V.    CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Refiled Motion for Summary Judgment (ECF No. 141).

**IT IS SO ORDERED.**


United States District Judge

May 15, 2018
Columbia, South Carolina